Dear Mr. Lamarque:
You have requested the opinion of this office regarding the legality of the use of public funds to reimburse school board members the average cost of maintaining a home based high speed internet access service. A reimbursement estimate of $50.00 per month has been proposed for the anticipated cost of the internet service.
The School Board currently furnishes all board members with lap top computers to be used for school board business only. These lap top computers can only operate effectively using a high speed internet connection. At the present time 7 of the 15 board members have home based high speed internet access service, 3 board members have dial up home-based internet access and the remaining 5 members do not have any internet access at their homes. Presumably, if payment for internet access is a permissible use of public funds then all board members would request reimbursement.
The School Board believes that providing reimbursement for a board member's home based internet access will benefit not only the School Board and its members but also other administrators, teachers and the general public. Home based internet access will give board members a home based connection for the lap top computers that will allow electronic access to school board agendas and reports that are posted and maintained on the School Board web cite. The School Board believes that electronic notice of agendas, reports and other documents will eliminate some of the costs associated with copying and mailing such notices and reports.
Access to the school board web site from home will also allow a board member to view and respond to updated School Board agendas, reports and amendments that may change after regular business hours thus benefiting the School Board by having its members better informed and up to date regarding school board business. According to your request an additional benefit would be that board members would be adopting and using the same technology currently being taught in the classroom to students.
The issues presented by your request must be addressed in light of the provisions of La. Const. (1974) Art. VII, Sec. 14, which contains the constitutional standard for the lawful use of public funds and property. La. Const. Art. VII, Sec. 14(A) generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private.
This office has long recognized that caution must be exercised in the expenditure of public funds. Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La. Const. Art. VII, Sec. 14, as set forth in City of PortAllen v. Louisiana Mun. Risk, 439 So.2d 399 (La. 1983), which held that this constitutional provision is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so."
Previous opinions of this office have interpreted Article VII, Section 14 to require that the use of public funds not only be sanctioned by legal duty or obligation, but serve a public purpose and create a public benefit not disproportionate to the value of the public funds expended. Attorney General's Opinion No. 90-63. See also: Attorney General's Opinion Nos. 03-0157; 02-0125; 01-0389 and 93-180.
Applying the analysis of Attorney General's Opinion No. 90-63, the first issue to be addressed is whether the School Board has a legal obligation or duty to reimburse its board members for the cost of home based internet access service. Clearly, it is appropriate for the School Board to conduct business, communicate with its board members and conduct proper meetings. The School Board has a legal duty to provide board members the proper equipment and tools necessary to accomplish these functions.
The second requirement is whether the expenditure serves a public purpose. Public funds may be utilized to educate and equip public officials and personnel with regard to their public duties and responsibilities. Certainly, providing more efficient and effective means of communication between the School Board and its members serves a public purpose and creates a public benefit of promoting proper and efficient operations of the School Board. Appropriate materials and equipment provided by the School Board to its members, such a lap top computers and home based internet access service, enhances the ability of the School Board to fulfill its duties and obligation to the public by making the highest and best use of equipment already furnished to board members and enhances board members ability to access meeting, agendas and otherwise electronically communicate with sites established by the School Board.
The only remaining issue to be examined is whether the internet service reimbursement cost is proportionate to the public benefit that is served. Providing board members a home based connection for the School Board issued lap top computers will certainly benefit the School Board by allowing greater contact with board members through electronic notice of meetings, agenda, reports, and other forms of electronic communication. Reimbursement to board members for the average cost of home-based ased internet service appears reasonable and necessary for the board members to maintain and fulfill their current duties. The expenditure appears to be of greater benefit to the School Board rather than to the individual employee and appears to be reasonable and not disproportionate to the public purpose being served.
Based upon the foregoing and in accordance with the legal authorities and opinions cited herein, it is the opinion of this office that the St. Tammany Parish School Board may use public funds to reimburse its school board members for the average cost associated with a board member obtaining and maintaining home-based internet service.
We trust the foregoing has sufficiently answered your concerns.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 RICHARD L. MCGIMSEY Assistant Attorney General
RPI/RLM/dam